IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,914-01






EX PARTE BILLY JOE TERRY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. P-2194-1-112-CR IN THE 112
TH JUDICIAL DISTRICT COURT


FROM PECOS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to the offense of
criminal non-support and was given either a probated sentence or deferred adjudication community
supervision. His community supervision was later revoked, and he was sentenced to two years' state
jail imprisonment. He did not appeal his conviction. 

 Applicant contends inter alia that his plea was involuntary because he was not aware of the
nature of the charge and the consequences of the plea. Applicant alleges that his plea was the result
of threats, that his counsel was ineffective, and that there was no evidence to support the conviction.
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). The trial court shall provide
trial counsel with the opportunity to respond to Applicant's claim of ineffective assistance of counsel.
In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. The trial court shall supplement the habeas record with copies
of any admonishments, written plea agreement, or other plea papers, including any stipulations of
evidence and judicial confessions that might have been entered. In addition, the trial court shall
supplement the record with copies of the indictment or information, the judgment, and any motions
to revoke or proceed to adjudication that may have been filed, along with the judgment(s) resulting
therefrom. The trial court shall also make findings as to whether Applicant's trial counsel advised
him of the nature of the charge and the consequences of the guilty plea. The trial court shall make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 1, 2006

Do not publish